# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT OWENSBORO

LEONEL MARTINEZ                                                                                     PETITIONER

v.                                               CIVIL ACTION NO. 4:17-CV-P82-JHM

RANDY WHITE                                                                RESPONDENT

## MEMORANDUM OPINION

Petitioner Leonel Martinez filed this *pro se* action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus (DN 1). The matter is currently before the Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. On September 22, 2017, the Court directed Petitioner to show cause why his petition should not be denied and his action dismissed as untimely (DN 9), and Petitioner has now responded (DN 10). For the reasons set forth below, the Court will dismiss this action as time-barred.

## I.

On January 10, 2008, Petitioner was sentenced to 24 years of imprisonment in Daviess (County) Circuit Court for one count of complicity to murder and two counts of complicity to first-degree robbery. The Kentucky Supreme Court affirmed his sentence on direct appeal on August 27, 2009. On June 22, 2010, Petitioner filed a motion for modification of his sentence pursuant to Rule 60.02 of the Kentucky Rules of Civil Procedure, which the Daviess Circuit Court denied on August 11, 2010. Petitioner did not appeal that order. On November 30, 2010, Petitioner filed a RCr 11.42 motion alleging ineffective assistance of counsel. That motion was denied by the Daviess Circuit Court on January 7, 2011. The Court of Appeals affirmed the denial of the RCr 11.42 motion on February 12, 2012, and the Kentucky Supreme Court denied

discretionary review on December 12, 2012.[1]  Petitioner indicates that he filed a second Fed. R. Civ. P. 60.02 motion in the Daviess Circuit Court in "May 2017."  That motion was denied on May 24, 2017.  Petitioner filed the instant § 2254 petition on June 8, 2017.

Because the petition now before the Court was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply.  *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

---

[1] This procedural history was taken from the May 24, 2017, Daviess Circuit Court Order denying Petitioner's second Rule 60.02 motion.  Petitioner attached this Order (DN 1-2) to the § 2254 petition now before the Court.

Petitioner's direct appeal concluded on April 27, 2009, the date the Kentucky Supreme Court affirmed his sentence. In *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000), the Sixth Circuit explained that the one-year statute of limitations of § 2244(d) does not begin to run until the day after the petition for a writ of certiorari is due for filing in the Supreme Court. By operation of United States Supreme Court Rule 13.1, a state prisoner has 90 days after the entry of the final judgment on direct appeal in which to file his petition for a writ of certiorari.[2] Thus, Petitioner's conviction became final on July 27, 2009.

Therefore, to be timely, Petitioner's § 2254 petition would have to have been filed by July 27, 2010, unless there was a time-tolling collateral attack pending in state court. *See* 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). An application for post-conviction relief is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Moreover, the application is considered "pending" under § 2244(d)(2) from its filing date until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. at 332-335. In other words, a post-conviction motion tolls the limitations period until the state appeals process is completed. *See Carey v. Saffold*, 536 U.S. 214, 221-223 (2002). However, when "[w]hen a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." *Pace v. DiGulielmo*, 544 U.S. 408, 414 (2005).

---

[2] This same 90-day, time-tolling period, however, does not apply during the pendency of a petition for certiorari to the United States Supreme Court that seeks review of the denial of state post-conviction relief, as opposed to direct review of the judgment. *See Lawrence v. Florida*, 549 U.S. 327, 331-332 (2007) (holding that the one-year statute of limitations is not tolled during the pendency of a petition for certiorari to the Supreme Court that seeks review of a state court decision denying post-conviction relief).

The procedural history cited above indicates that Petitioner filed a Rule 60.02 motion in Daviess Circuit Court on June 22, 2010, which was 35 days before his one-year period lapsed. This motion tolled the statute of limitations until it was denied by the Daviess Circuit Court on August 11, 2010.[3] Thus, Petitioner's one-year period for filing a § 2254 habeas petition officially ended on September 15, 2010, months before Petitioner filed his RCr 11.42 motion in Daviess Circuit Court on November 30, 2010. However, even if the RCr 11.42 motion did serve to restart or toll the statute of limitations, the instant habeas petition would still be time-barred because it was not filed until June 2017, over four years after the Kentucky Supreme Court denied Petitioner's motion for discretionary review of his RCr 11.42 motion on December 12, 2012.

Finally, to the extent that Petitioner argues that his § 2254 petition is not barred by the statute of limitations because he filed a Rule 60.02 motion in "May 2017" which was denied on May 24, 2017, his argument fails. The filing of a Rule 60.02 post-conviction motion does not restart the one-year statute of limitations for filing a federal habeas petition. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). While a collateral challenge to a state conviction can toll the statute of limitations, "the tolling provision does not . . . 'revive' the limitations period (*i.e.,* restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id*. at 602 (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted). When Petitioner sought post-conviction relief from the Daviess Circuit Court in May 2017, there was nothing left of the one-year statute of limitations to toll.

---

[3] As noted above, Petitioner did not appeal the circuit court's denial of his Rule 60.02 to the Kentucky Court of Appeals.

## II.

Nonetheless, in response to the court's Show Cause Order, Petitioner argues that his petition should not be dismissed because he is entitled to equitable tolling.

Equitable tolling allows courts to review time-barred habeas petitions "provided that 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Robinson v. Easterling*, 424 F. App'x 439, 442 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). There are two forms of equitable tolling: (1) traditional equitable tolling; and (2) actual innocence equitable tolling. "The [movant] bears the burden of demonstrating that he is entitled to equitable tolling." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631 (2010)). "Courts grant equitable tolling 'sparingly.'" *Hall*, 662 F.3d at 749 (citing *Robertson*, 624 F.3d at 784).

Petitioner first seems to argue that he is entitled to traditional equitable tolling. This type of tolling is only available if a habeas petitioner an can establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (internal quotations omitted). "Diligence is the key to equitable tolling." *Huey v. Smith*, 199 F. App'x 498, 502 (6th Cir. 2006) (internal quotations omitted). Thus, a petitioner relying on equitable tolling to save an otherwise time-barred habeas petition must demonstrate that he acted promptly in asserting his federal rights once the impediment that prevented him from filing has been lifted. *Allen v. Yukins*, 366 F.3d 396, 404 (6th Cir. 2004); *Cook v. Stegall*, 295 F.3d 517, 522 (6th Cir. 2002).

In his response, Petitioner argues that he is entitled to equitable tolling for several reasons, including : "unnecessary lock downs, lock ups, extended stays in confinement for harassing purposes, and denied of serious medical needs, because of incorrect information of by legal aide and denial of legal material by [Kentucky State Penitentiary] administration and medical." Petitioner then lists the numerous medical conditions he allegedly suffers from: "back pain and ear pain and pressure . . . bipolar disorder due to all the racial abuse that KSP has put them through . . . headaches, fast heart beats, panic attack, increase of my blood pressure . . . ." Petitioner further states that, "in 2009 in northpoint the riot destroyed all the buildings so nobody done any legal work on 2010 I was transferred to KSP which Dr. Hiland took my tens unit that were prescribed by KSR . . . for low back pain and cancelled all pain meds and refused any medical treatment." Petitioner continues: "I been forced to loose my hearing from my let side I was forced to sue KSP which make the racial abuse even worst . . . KSP has intentionally punished me. Denied of jobs and denied of legal material . . . put me in segregation." Finally, Petitioner writes: "KSP only have 4 chairs and 4 typewriters for all the prison for over 800 inmates, the prison only stays open 5 days a week from 7:30 a.m. to 11 am, the legal office officer keep me running me out of the legal office for trying to exercise my legal rights."

Despite Petitioner's arguments, courts have consistently held that general allegations of transfers, placement in segregation, and lack of access to legal materials are not exceptional circumstances warranting equitable tolling, especially where a petitioner does not sufficiently explain or present evidence demonstrating why the circumstances he describes prevented him from timely filing a habeas petition. *See, e.g.*, *United States v. Cicero*, 214 F.3d 199, 205 (D.C. Cir. 2000) (deciding that, in the context of a § 2255 petition, equitable tolling was not warranted where petitioner entrusted his legal papers to another inmate who was placed in segregation, thus

separating petitioner from his own legal documents); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (finding equitable tolling not warranted where petitioner alleged that he was denied access to the law library and his legal records, but failed to show "how his inability to obtain legal materials thwarted his efforts to file a timely federal proceeding"); *Campbell v. Roberts*, 143 F. App'x 110, 113 (10th Cir. 2005) (finding that petitioner's allegation of inadequate access to legal materials was insufficient to account for the approximately five-year delay in filing his petition); *Warren v. Kelly*, 207 F. Supp. 2d 6, 10 (E.D.N.Y. 2002) ("Transfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents do not qualify as extraordinary circumstances.").

Petitioner next asserts that several health conditions – both mental and physical – prevented him from timely filing the habeas petition now before the Court. The Sixth Circuit has recognized that, to the extent that mental and physical illnesses prevent the sufferer from pursuing his legal rights, they can constitute extraordinary circumstances which warrant the equitable tolling of the statute of limitations. *See, e.g.,Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) (citing *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005)). However, a petitioner has a duty to file his petition as soon as his mental or physical condition will permit, even if this is after the expiration of the statute of limitations. *See, e.g.*, *Carneal v. Crews*, 510 F. App'x 347 (6th Cir. 2013); *Cherry v. Smith*, No. 5:14-cv-192-GNS, 2016 U.S. Dist. LEXIS 91655 (W.D. Ky. Apr. 21, 2016). Here, the Court's records show that since April 2013, Petitioner has filed no fewer than five 42 U.S.C. § 1983 *pro se* prisoner civil rights actions in this Court and has actively litigated each of those actions. *See, e.g.*, *Martinez v. White et al.*, 5:13-cv-53-GNS; *Martinez v. Vondewigelo*, 5:13-cv-132-GNS; *Martinez v. Hiland et al.*, 5:13-cv-183-GNS; *Martinez v. KSP Grievance Coordinator*, 5:15-cv-212-TBR; *Martinez v. White, et al.*,

5:16-cv-192-TBR. Thus, even if Petitioner could prove that he was so disabled during the statute of limitations period that he could not file his petition before its expiration on September 15, 2010, his §1983 cases establish that no mental or physical impairment was preventing Petitioner from filing his habeas petition as early as April 2013. Thus, Petitioner has failed to show that he diligently pursued his rights as required by *Holland* during the post-expiration period, and that he was "completely unable" to file the petition earlier than he actually filed it, which was on June 8, 2017. For these reasons, the Court concludes that Petitioner is not entitled to equitable tolling on mental or physical health grounds.

Finally, it appears from his response that Petitioner may also be arguing that he is entitled to equitable tolling based upon actual innocence. In his response, he states: "I received 24 years of sentence under the violent offender for the crime the I never committed." He continues: "[T]he reason that I was arrested was because [the Owensboro Police Department (OPD)] false claim the OPD have video of MPD . . . which show latino taxi pickup the suspect, they refused to present the video and order of arrest to the jury so the state can change the history around by lying to put in complicity . . . response to open records requests on 2016 the OPD was never in possession of such video or the video never exsist."

"A valid claim of actual innocence requires '*new* reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)) (emphasis added). "The evidence must demonstrate factual innocence, not mere legal insufficiency." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The Supreme Court has underscored the fact that "the miscarriage of justice exception . . . applies to a *severely confined category*: cases in which new

evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1933 (2013) (quoting *Schlup*, 513 U.S. at 329) (emphasis added). Petitioner's argument fails to meet this exacting standard. Petitioner's contention that he learned through a 2016 open records request that a certain video police officers claimed existed prior to his arrest, and on which they allegedly based his arrest, did not actually exist does not constitute "new evidence." Moreover, although Petitioner does not make clear what role the video played in his trial or whether the jury was aware of the video, Petitioner has not shown that if the jury had known that this video did not exist, "it is more likely than not that no reasonable juror would have convicted [the] [p]etitioner." *Schlup*, 513 U.S. at 329. Thus, the Court finds that despite Petitioner's arguments, he has made no credible showing that he is actually (factually) innocent, and, thus, he is not entitled to equitable tolling on this ground either.

**III.**

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability

9

should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability must be denied.

## IV.

The Court will enter an Order consistent with this Memorandum Opinion.

Date: October 26, 2017

*[signature]*

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc:  Petitioner, *pro se*
   Respondent
   Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4414.011